IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-50-BO

| | |
|---|---|
| ASP, INC., at al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ERIC H. HOLDER, JR., et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on the plaintiff's motion to amend, or alter judgment of this Court issued on December 11, 2012, or in the alternative, grant relief from judgment [DE 39]. The plaintiff requests this reconsideration pursuant to Federal Rules of Civil Procedure 59(e) & 60. For the reasons stated herein, the plaintiff's motion is DENIED.

## BACKGROUND

Butechi B. Veeramasuneni is an employee of plaintiff ASP and an immigrant to this country. Mr. Veeramasuneni sought an employment-based green card to support his presence in the United States. As employer, ASP participated in this process by submitting an I-140 petition to United States Citizenship and Immigration Services (USCIS). In December 1, 2011 USCIS denied ASP's I-140 petition on the grounds that ASP failed to establish its ability to pay Mr. Veeramasuneni the proffered wage. On February 9, 2012, plaintiffs filed a complaint with this Court seeking review of that denial under the Administrative Procedure Act (APA). Both parties filed motions for summary judgment in this matter. On December 11, 2012, this Court found that because plaintiff had failed to exhaust its administrative remedies it did not have subject matter

1

jurisdiction to consider the issues before it and the matter was dismissed. The plaintiff requested that the Court reconsider its Order dismissing this matter. The Court declines to do so.

## DISCUSSION

The Fourth Circuit has found three grounds for amending a judgment pursuant to Federal Rule of Civil Procedure 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error or law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)(citations omitted). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.* at 403. "Rule 59(e) provides an 'extraordinary remedy that should be used sparingly.'" *Richardson v. Union Public Safety Dept. Police*, 2011 WL 5314212, *2 (D.S.C. 2011)(quoting *Pac. Ins. Co.*, 148 F.3d at 403). Further, Rule 59(e) does not provide a litigant with the opportunity to voice his displeasure with the Court's decision or critique the Court's order. *See Crosswhite v. E.I. Dupont deNemours & Co.*, 896 F.2d 1366, *1 (4th Cir. 1990)(unpublished).

Here, the plaintiff has failed to adequately present any of the three grounds for relief under Rule 59(e). Merely restating precedent that the Court has already considered in composing its prior Order does not support relief under Rule 59(e). Further, the Court finds that no injustice will arise from allowing its prior order to stand as it is.

The plaintiff also seeks relief under Federal Rule of Civil Procedure 60. Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding." The rule then enumerates six circumstances under

2

which such relief would be proper. In its briefs, the plaintiff is unclear about which circumstances exist that would entitle it to relief. In fact, the parties barely refer to the Federal Rules of Civil Procedure at all. Nevertheless, on the Court's own inquiry no ground exists upon which Rule 60(b) relief would be appropriate. As the plaintiff has failed to establish any "just terms" that would merit the relief requested the plaintiff's motion is properly denied.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion is DENIED.


SO ORDERED, this __3__ day of June, 2013.

*[signature]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE